REVISED DECEMBER 5, 2007

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10705

LIBERTY MUTUAL INSURANCE COMPANY

Plaintiff-Counter-Defendant,
Appellee-Cross-Appellant

v.

MID-CONTINENT INSURANCE COMPANY

Defendant-Counter-Claimant,
Appellant-Cross-Appellee

Appeals from the United States District Court
for the Northern District of Texas

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:

In this suit between two liability insurers Liberty Mutual Insurance Company (Liberty Mutual) seeks to recover from Mid-Continent Insurance Company (Mid-Continent) a portion of the sums Liberty Mutual paid to settle a third party claim against Kinsel Industries (Kinsel), a covered insured under each of their respective $1 million comprehensive general liability (CGL) policies. Each insurer assumed defense of Kinsel, and the case ultimately settled for $1.5 million, but Mid-Continent would pay only $150,000, so Liberty Mutual (which

also had a $10 million excess policy covering Kinsel) paid the remaining $1,350,000 and then brought this suit against Mid-Continent for $600,000, which it contended Mid-Continent was obligated for as its remaining proportionate part of the $1.5 million settlement. Following a bench trial, the district court awarded Liberty Mutual $550,000. Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co., 266 F. Supp. 2d 533 (N.D. Tex. 2003). Mid-Continent has appealed that judgment.[1] We certified the following questions to the Supreme Court of Texas, viz:

> 1. Two insurers, providing the same insured applicable primary insurance liability coverage under policies with $1 million limits and standard provisions (one insurer also providing the insured coverage under a $10 million excess policy), cooperatively assume defense of the suit against their common insured, admitting coverage. The insurer also issuing the excess policy procures an offer to settle for the reasonable amount of $1.5 million and demands that the other insurer contribute its proportionate part of that settlement, but the other insurer, unreasonably valuing the case at no more than $300,000, contributes only $150,000, although it could contribute as much as $700,000 without exceeding its remaining available policy limits. As a result, the case settles (without an actual trial) for $1.5 million funded $1.35 million by the insurer which also issued the excess policy and $150,000 by the other insurer.
> In that situation is any actionable duty owed (directly or by subrogation to the insured's rights) to the insurer paying the $1.35 million by the underpaying insurer to reimburse the former respecting its payment of more than its proportionate part of the settlement?
>
> 2. If there is potentially such a duty, does it depend on the underpaying insurer having been negligent in its ultimate evaluation of the case as worth no more than $300,000, or does the duty depend on the underpaying insured's evaluation having been sufficiently wrongful to justify an action for breach of the duty of

---

[1] Liberty Mutual has cross-appealed only the district court's failure to award it prejudgment and postjudgment interest.

good faith and fair dealing for denial of a first party claim, or is the existence of the duty measured by some other standard?

> 3. If there is potentially such a duty, is it limited to a duty owed the overpaying insurer respecting the $350,000 it paid on the settlement under its excess policy?

Liberty Mut. Ins. Co. v. Mid-Continent Ins. Co., 405 F.3d 296, 310 (5th Cir. 2005).[2]

The Texas Supreme Court, by its October 12, 2007 opinion, Mid-Continent Insurance Company v. Liberty Mutual Insurance Company, ___ S.W.3d ___, 2007 WL 2965401 (No. 05-0261, Oct. 12, 2007), answered "the first question in the negative" and therefore did "not reach the second and third questions."

In light of the opinion of the Texas Supreme Court, the judgment of the district court is reversed and the case is remanded to the district court with instructions to enter judgment that Liberty Mutual take nothing by its suit against Mid-Continent and for any further appropriate proceedings not inconsistent with our opinions herein and the opinion of the Texas Supreme Court.

REVERSED and REMANDED with instructions.[3]

---

[2] Modified in presently immaterial respects, 407 S.W.3d 683 (5th Cir. 2005).

[3] Liberty Mutual's cross-appeal is accordingly dismissed as moot.